82 F.3d 417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Joseph M. BONFIGLIO, Jr., Debtor.
HARKEMA ASSOCIATES, INC., Plaintiff-Appellant,
v.
Joseph M. BONFIGLIO, Jr., Defendant-Appellee.
 No. 94-2074.
 United States Court of Appeals, Sixth Circuit.
 April 3, 1996.
 
 Before: ENGEL, KENNEDY and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Harkema Associates, Inc. ("Harkema"), plaintiff in a Chapter 7 bankruptcy adversary proceeding, appeals the district court's reversal of the bankruptcy court's ruling that the debtor owed a nondischargeable debt to Harkema pursuant to 11 U.S.C. § 523(a)(6). The debtor and defendant is Joseph M. Bonfiglio, Jr. ("Bonfiglio").
 
 
 2
 Bonfiglio filed for Chapter 7 bankruptcy protection in April 1992. In March 1993, Harkema filed this action to recover nondischargeable damages pursuant to 11 U.S.C. §§ 523(a)(6) and 727(a)(3). The bankruptcy court denied Harkema's claim pursuant to § 727(a)(3). Regarding Harkema's § 523(a)(6) claim, however, the court found that Bonfiglio owed Harkema a nondischargeable debt because Bonfiglio's conduct in selling certain showroom items and not accounting for the proceeds was willful and malicious injury under § 523(a)(6).
 
 
 3
 Bonfiglio appealed the bankruptcy court's decision awarding damages under § 523(a)(6) to the district court. The district court reversed, holding that Bonfiglio's sale of the showroom items was not in violation of the security agreement, and therefore was not conversion or otherwise willful and malicious injury under § 523(a)(6). We agree.
 
 
 4
 After reviewing the record and briefs, we are fully satisfied that Bonfiglio's conduct was consistent with a reasonable interpretation of his reserved rights under the security agreement, particularly paragraphs 3 and 7 thereof. That conduct, in our view and that of the district court, falls far short of the rigorous standards for withholding discharge under 11 U.S.C. § 523(a)(6).
 
 
 5
 AFFIRMED.